**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| NAFIS RASHADEEM, | ) | No. CV 09-7438 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for payment of benefits for the closed period of August 23, 2003, to January 1, 2007.

**I. BACKGROUND**

Plaintiff Nafis Rashadeem was born on March 5, 1961, and was forty-five years old on the date that his alleged period of disability

expired. [Administrative Record ("AR") 63, 423.] He has two years of college education and past relevant work experience as an automobile salesperson, technical support and construction worker. [AR 374, 465-466.]  Plaintiff alleges disability on the basis of a stroke, sleep apnea and obesity. [AR 374.]

## II.  **PRIOR PROCEEDINGS**

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 10, 2004, alleging disability since August 23, 2003.  [AR 423.] After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held on March 8, 2006, before an Administrative Law Judge ("ALJ"). [AR 371.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff and vocational expert Mr. Hatokeyama. [AR 372.] The ALJ denied benefits in a decision dated April 12, 2006. [AR 338-45.] On October 4, 2006, the Appeals Council remanded the matter for further administrative proceedings. [AR 356-57.]  A second administrative hearing was held on January 22, 2007. [AR 394.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff. [AR 395.] The ALJ denied benefits in a decision dated March 13, 2007. [AR 12-21.] When the Appeals Council denied review on May 29, 2007, the ALJ's decision became the Commissioner's final decision. [AR 7.]

Plaintiff filed a complaint in the district court on July 26, 2007 (Case No. CV 07-4766 CW).  On April 15, 2008, the court issued a decision and order remanding the matter for further administrative proceedings.

A third administrative hearing was held on January 26, 2009, before a new ALJ. [AR 455.]  Plaintiff appeared with counsel, and

testimony was taken from Plaintiff and vocational expert June Hagen. [AR 456.]  Because Plaintiff had resumed working on January 1, 2007, Plaintiff amended his application to a closed period of disability from August 23, 2003, to January 1, 2007. [AR 450.] The ALJ denied benefits in a decision dated March 26, 2009. [AR 420.]

The present complaint was lodged on October 14, 2009, and filed on October 15, 2009.  On June 10, 2010, Defendant filed an Answer and Plaintiff's Administrative Record ("AR").  On September 21, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence

which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## IV. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 23, 2003, to January 1, 2007 (step one); that Plaintiff had "severe" impairments, namely a history of cerebrovascular accident, obesity, obstructive sleep apnea, hypertension, and adjustment disorder (step two); and that Plaintiff

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 426.]  The ALJ found that for the period in question, Plaintiff had an RFC for light work, except for any work involving more than simple two to three step tasks or requiring sustained periods of concentration. [AR 427.] The vocational expert testified that a person with Plaintiff's RFC could perform Plaintiff's past relevant work as a construction site cleaner (step four). [AR 431.]  Accordingly, the ALJ found that Plaintiff was not "disabled" as defined by the Social Security Act. [Id.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ erred in the evaluation of Plaintiff's obstructive sleep apnea impairment and its impact on his ability to work;
2. Whether the ALJ erred in the evaluation of Plaintiff's obesity impairment and its impact on his ability to work; and
3. Whether the ALJ erred in the credibility findings.

[JS 3.]

As discussed below, Issue Three is dispositive.

**D.   ISSUE THREE: CREDIBILITY EVALUATION**

At the administrative hearing of January 22, 2007, Plaintiff testified, among other things, that he could only walk about a block, and could not work at a job that requires him just to sit. [AR 406-407.]  He also testified that he is continuously fatigued and tired, falls asleep at least three to four times during the day, and had lost twelve percent feeling on his right side after a stroke. [AR 459-460,

461, 464.]

The ALJ referenced this portion of Plaintiff's testimony in the administrative decision and stated the following reasons for finding that Plaintiff's statements were "not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." [AR 430.] First, the ALJ stated that the medical record "fails to demonstrate that the claimant was physically or mentally fatigued to the degree he alleges," explaining that with the exception of Dr. Scott Kopoian, an examining psychiatrist, none of the doctors mentioned "fatigue related symptoms." [AR 431.] In addition, even with assuming Plaintiff had fatigue, Dr. Kopoian found that Plaintiff was still able to "perform 2-3 step tasks and interact appropriately with others." [Id.] Second, the ALJ found that Plaintiff did not always comply with taking anti-hypertensive medication or in losing weight with diet and exercise, as recommended. [Id.] Third, the ALJ found that Plaintiff's testimony about his limitations were inconsistent with Plaintiff's activities of daily living as reported to Dr. Kopoian.[2] [Id.]

The standard in the Ninth Circuit for evaluations of subjective symptom testimony in Social Security disability cases requires, first, that the claimant produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged symptom; when this evidence is produced, the Commissioner may not reject a claimant's credibility without specifically making findings which

---

[2] Plaintiff told Dr. Kopoian he "performs all activities of daily living without assistance," but specifically stated that he visits the doctor; reads the newspaper; sometimes shops for groceries, usually with someone else; occasionally visits malls; and stopped going to movies. [AR 279.]

7

support that conclusion. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc)(affirming standard of Cotton v. Bowen, 799 F.2d 1403, 1407 (1986), for review of ALJ evaluations of pain and subjective symptom testimony). The credibility determination must state "clear and convincing" reasons that include a specific statement of which symptom testimony is not credible and what facts in the record lead to that conclusion. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)(citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)); see also Lester v. Chater, 81 F.3d at 834 ("For the ALJ to reject the claimant's complaints, [the ALJ] must provide specific, cogent reasons for the disbelief"). A claimant's subjective pain does not need to be affirmed by objective medical evidence, as long as the pain is "associated with such an impairment." Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989). On the other hand, the ALJ may consider certain factors in evaluation of a claimant's credibility: 1) ordinary techniques of credibility evaluation; 2) unexplained or inadequately explained failure to seek treatment or to follow prescribed activities; and 3) daily activities. See Smolen, 80 F.3d at 1284.

Here, Plaintiff satisfied the initial requirement of producing medical evidence of an underlying impairment to warrant such an evaluation. Moreover, the pain that Plaintiff is experiencing is reasonably associated with such impairments. There is no dispute that Plaintiff has sleep apnea, and that fatigue would be associated with such an impairment.

Accordingly, the Commissioner must provide "clear and convincing" reasons to discount Plaintiff's testimony. The ALJ initially pointed out that Plaintiff failed to carry out prescribed treatment by not

taking anti-hypertensive medication.  Lack of compliance with medication plans is "a factor that the ALJ can consider in his credibility analysis."  Tonapetyan, 242 F.3d at 1148.  Dr. Albeer Ibrahim, one of Plaintiff's treating physicians, had stated once that Plaintiff poorly complied with his medication. [AR 251.]  However, this single, isolated statement from a voluminous record is not a "clear and convincing" reason to establish that Plaintiff's alleged limitations are not as severe as he testified.

Plaintiff's non-compliance in losing weight with diet and exercise is also not a clear and convincing reason to reject Plaintiff's testimony.  According to the record, Drs. Brandes and Ibrahim recommended to Plaintiff that he lose weight.  [AR 235-236, 253.]  Dr. Brandes, who had specifically evaluated and treated Plaintiff for sleep apnea, had stated that sleep apnea is worsened by obesity, and therefore, Plaintiff should be encouraged to lose weight. [AR 235.]  The ALJ determined that since Plaintiff did eventually lose 30 to 40 pounds and was able to return to work, it would be reasonable to conclude that Plaintiff's physical functioning would have improved if he had lost weight earlier by complying with the doctors' recommendations. [AR 431.]

The ALJ's statement wrongfully assumes that since Plaintiff later lost thirty to forty pounds, he also had the ability to lose the same amount of weight during the relevant period.  The ability to lose weight is not necessarily amenable to a time schedule despite diet, exercise, or change in lifestyle.  That is why the Ninth Circuit has held that, "We will rarely use 'failure to follow prescribed treatment' for obesity to deny or cease benefits," in light of the generally low success rate of obesity treatment, "despite the efforts

9

of the individual to maintain the loss." <u>Orn v. Astrue</u>, 495 F.3d 625, 636-637 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 02-1p, 2000 WL 628049 at *2).

"Before failure to follow prescribed treatment for obesity can become an issue in a case, we must first find that the individual is disabled because of obesity or a combination of obesity and another impairment(s)." <u>Id.</u> at 636. Here, Petitioner had not been found disabled for the period in question, so the ALJ is precluded "from considering the effect of any failure to follow treatment for obesity." <u>Id.</u> Moreover, the treatment for obesity in this context must be "prescribed." <u>Id.</u> at 637. A doctor's statement that an individual "should" lose weight and is "advised" to exercise is not enough to be considered a "prescribed treatment." <u>Id.</u> The record does not clearly indicate that Plaintiff was directed to diet or exercise as prescribed treatment. At most, one of the doctors suggested that there was a behavioral weight loss program available at the hospital. [AR 235.] Accordingly, Plaintiff's failure to follow a recommendation to lose weight is not a clear and convincing reason to find Plaintiff's testimony not credible.

Second, the ALJ found that Plaintiff's testimony was inconsistent with his daily activities. [AR 431.] Although Petitioner told Dr. Kopoian that he "performs all activities of daily living without assistance," such activities appeared to be limited to visiting the doctor, reading the newspaper, shopping for groceries (usually with someone else), and occasional visits to the mall. [AR 279.] It is well-settled that a claimant is not required to be "utterly incapacitated" since "many home activities are not easily transferable to what may be the more grueling environment of the workplace." <u>Fair</u>

v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  Here, it is not clear that Plaintiff's ability to read the newspaper, shop for groceries with others, and occasionally visit malls is transferable to a work environment.  See Vertigan v. Halter, 260 F.3d 1044, 1049-1050 (9th Cir. 2001) (holding that the ALJ erred in relying on the claimant's testimony that she was able to go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television, read, and exercise at home because those activities did not "consume a substantial part of" her day and were not necessarily transferable to a work setting).  Hence, this is not a clear and convincing reason to reject Plaintiff's testimony.

Finally, the ALJ cited lack of objective medical evidence to corroborate "that the claimant was physically or mentally fatigued to the degree he alleges."  It is well-settled, however, that an ALJ may not discredit a claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence.  Bunnell v. Sullivan, 947 F.2d at 345.  Here, without regard to whether this final reason was clear and convincing, the other reasons were not, as discussed previously; therefore, this ground is inadequate to support the Commissioner's credibility determination.

### E.  REMAND FOR PAYMENT OF BENEFITS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the

claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 1179. However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. (decision whether to remand for further proceedings turns upon their likely utility).

In Plaintiff's case, as discussed above, the credibility determination was not supported by clear and convincing reasons. Accordingly, Plaintiff's testimony is credited as true. Id.; Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004); Varney v. Sec. of Health and Human Servs., 859 F.2d 1396, 1398 (9th Cir. 1988). Moreover, the vocational expert testified that a person with Plaintiff's testified limitations would be unable to perform gainful employment in the national economy. [AR 471.] Accordingly, a finding of disability is mandated by the record, and an award of benefits for the closed period of August 23, 2003, to January 1, 2007, is appropriate.

## V. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to Defendant for payment of benefits for the period of August 23, 2003, to January 1, 2007.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 16, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge